IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIE LAMPLEY | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-622 (1:18-CR-20) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Willie Lampley, an inmate currently confined at FCI Seagoville, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Procedural Background

Movant filed the above-referenced motion to vacate, set aside, or correct sentence on December 9, 2019 (doc. # 1). The Government was ordered to show case on December 16, 2019, and filed a Response on February 7, 2020 (doc. #s 2 & 4). Since that time, Movant has filed numerous pleading and correspondence which has delayed a merits-based determination in this case (doc. #s 5-10, 14, 16-27, 31, 33, 35, 39-40, 43, 45-46, 48, 50 & 52). Movant has filed three motions for default judgment which were all denied, some over objections (doc. #s 13, 44 & 51). Movant also filed a notice of voluntary dismissal, which was ultimately withdrawn after consideration. Despite these distractions, this motion is now ripe for review.

The Motion

In his motion to vacate, set aside, or correct sentence, Movant challenges his 2018 conviction for receipt and possession of child pornography, in violations of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), 2252A(a)(5)(B), and 2252A(b)(2). On December 26, 2018, the court imposed a 210-

month prison term for count one and a 120-month prison term for count two, to run concurrently. 1:18-CR-20 (doc. # 69). Movant appealed the conviction and sentence which was affirmed by the Fifth Circuit Court of Appeals on July 31, 2019. *Id*. (doc. #s 75 & 85). In this motion to vacate, set aside, or correct sentenced, Movant asserts the following points of error:

1. During his arraignment, the court reporter omitted threats made against Movant by the magistrate judge;

2. Movant had no personal knowledge of being in violation of any of the two statutes he was convicted of violating. The indictment was procured by fraud and perjury;

3. Law enforcement was involved in aiding in the violation of the two statutes that Movant was convicted of committing;

4. Ineffective assistance of counsel for:

   a. failing to investigate the validity of the search warrant;
   b. failing to investigate the validity of the arrest warrant;
   c. failing to investigate the validity of the indictment;
   d. failing to investigate the validity of the complaint;
   e. failing to challenge the all Caucasian petit jury composition;
   f. failing to file a motion for dismissal based on fraud on the court, for Movant's false declaration;
   g. Failing to file a motion for suppression of evidence that would have been excluded, in numerous other filings.

5. The prosecution put forth false testimony and evidence;

6. The search warrant was unspecific as to what was to be searched for and seized;

7. The trial was conducted under certain rules of federal procedure and changed for sentencing;

8. Movant was not allowed to question "victims" or the "Plaintiff;"

9. The jury was not diverse nor did it fairly represent the community;

10. An additional charge was added to the indictment after Movant rejected the plea agreement offered to him.

Motion, 1:18-CV-20 (doc. # 1).

<u>The Response</u>

The Government argues Movant's claims are not supported by the record, lack merit or are not cognizable on habeas review.

2

Section 2255

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or re-sentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). Thus, relief under Section 2255 is reserved for violations of constitutional rights and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

In order to show that counsel was ineffective, a petitioner must demonstrate:

> first . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

3

*Strickland v. Washington*, 466 U.S. 668 (1984); *see also United States v. Gammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to prove the prejudice prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman* 566 F.3d 527, 536 (5th Cir. 2009). The movant must "affirmatively prove," not just allege, prejudice. *Id*. If the movant fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Walkerton v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the movant, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggie*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland* 466 U.S. at 687. The alleged deficiency in representation is measured against an objective standard of reasonableness. *See Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) , *cert. denied*, 537 U.S. 1018 (2002) (quoting *Garland v. Maggie*, 717 F.2d 199, 206 (5th Cir. 1983)). Finally, bald conclusory statements by a defendant are not enough to sustain a claim of ineffective assistance of counsel. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). The allegations of ineffective assistance of counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982).

<u>Analysis</u>

1.    *Arraignment Transcript*

Movant alleges the court reporter omitted threats made against him by Magistrate Judge

Zack Hawthorn.  Specifically, Movant contends:

> Magistrate Judge Zack Hawthorn threatened me with the charge of "practicing law without a license," if I decided to represent himself.  This happened at my arraignment [sic] on April 5th, 2018.  You can read from the non-omitted transcript from my initial appearance, on March 21st, 2018, where the magistrate delayed my arraignment [sic] until I could secure my own attorney.  On April 5, at my arraignment [sic], you will notice from the transcripts that the proceedings begin with the magistrate stating that he appointed me counsel, but does not show when I let him know that I was having trouble securing my lawyer.  I told him that I would not need one that day, and that's when I was threatened.

Motion, pg. 4 (doc. # 1).

While less than clear, it appears Movant is attempting to allege the magistrate judge violated

his right to self-representation, and that this omission from the transcript, impeded his ability to

make this constitutional challenge under the Fifth and Sixth Amendments.  Movant's claim is not

supported by the record, however.  While Movant informed the court he would retain counsel and

requested one week to do so during his initial appearance, the record reflects a hearing was held on

March 29, 2018, wherein Federal Public Defender Gary R. Bonneaux was appointed, after Movant

requested the court appoint him counsel.  1:18-CR-20 (doc. #s 6 & 9).  Furthermore, the transcript

from the April 5, 2018, arraignment and detention hearing does not support Movant's assertions

regarding Magistrate Judge Zack Hawthorn.  Official Transcript, Arraignment (doc. # 81).  The

hearing opens with Magistrate Judge Zack Hawthorn swearing Movant in, wherein he tells Movant

he appointed Mr. Bonneaux to represent Movant in the last hearing.  Not once during Movant's

arraignment did he protest the appointment of counsel, despite numerous opportunities to do so.

Movant clearly follows Mr. Bonneaux's lead and representation without objection.

2.    *Indictment*

Movant next alleges the indictment was procured by fraud and perjury.  Specifically,

Movant states no witness saw him "violate either of the two statutes that [he] was charged with

5

violating" and that an unspecified witness "made a false declaration in order to procure the indictment." Motion, pg. 5 (doc. # 1). Movant, however, submits no evidence to support this claim and fails to specifically identify any witness who he asserts lied to the grand jury. To be clear, in proving possession of child pornography, the government may prove possession by showing Movant either actually or constructively possessed the pornography. *United States v. Woerner*, 709 F.3d 527, 536 (5th Cir. 2013) ("constructive possession is the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found"). The law simply does not require that someone witness the possession taking place. Movant's claim lacks merit.

3.    *Law Enforcement*

Movant contends law enforcement was involved in aiding in the violation of the two statutes that Movant was convicted of committing. Movant states, "[d]uring the search warrant, on December 7, 2017, Special Agent Fuselier, of Homeland Security, stated to me that they had sent seven videos to my residence I.P. address. He was very specific about the videos that were sent, and the content of certain videos. He stated that one featured a three year-old. Detective Curl stated that he sent four of the videos himself." Motion, pg. 7. Movant offers nothing more with regard to this claim. Regardless, the trial testimony does not support Movant's assertion. Detective Jeffrey Curl, at trial, testified that law enforcement downloaded the videos in questions through a peer-to-peer connection with Movant's I.P. address, which was simultaneously downloading and sharing files. Transcript, pgs. 169-175. Movant's claim is contradicted by the record.

4.    *Ineffective Assistance of Counsel*

Movant asserts several claims of ineffective assistance of counsel. The first three allege Movant's trial counsel failed to investigate the validity of the arrest warrant, the validity of the indictment, and the validity of the complaint. Under *Strickland*, a defendant "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Glinsey*,

209 F.3d 386, 393 (5th Cir. 2000) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). Movant, here, has failed to meet this burden.

With respect to Movant's claim that his trial counsel failed to investigate the validity of the complaint, the record does not support this assertion. No criminal complaint was filed in this case. As such, counsel could not be ineffective as to this claim. Concerning Movant's assertion that counsel failed to investigate the validity of the arrest warrant and indictment, Movant offers nothing more in support of these claims. He does not state what an investigation would reveal and how any such investigation may have altered the outcome of the trial. Movant's claims are conclusory and insufficient to support a claim of ineffective assistance of counsel. The Fifth Circuit Court of Appeals has made it clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]." *Id*. (quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)).

Movant next alleges his trial counsel was ineffective by failing to challenge the all caucasian petit jury composition. Again, here, Movant fails to offer any details with respect to this claim. Movant does not describe the composition of the jury, nor provide any specifics as to which juror(s) should have been challenged. Movant's claims are conclusory and are insufficient to support a claim ineffective assistance of counsel. *Miller*, 200 F.3d at 282.

Movant also alleges his trial counsel was ineffective by failing to file "a motion for dismissal based on fraud on the court, for Plaintiff's false declaration." Movant offers nothing more as to this claim, and it can only be assumed he is referencing the fraudulent statement that was allegedly made to procure the indictment, discussed above. As outlined above, Movant has failed to establish the statement was fraudulent. Furthermore, the record establishes that counsel for Movant, Gary Bonneaux, filed two Rule 29 motions for acquittal based on the insufficiency of the

7

evidence, which were ultimately denied by the court.  In addition, the record establishes that Mr. Bonneaux cross-examined the Government's witnesses, which provided the opportunity to establish whether Movant's allegations of perjury were true.  It did not.  In sum, Movant has failed to establish deficient performance and this claim should be denied.

Movant contends counsel was ineffective in failing to file a motion for suppression of evidence.  Once again, Movant fails to provide any specific factual details with respect to this claim.  He does not state what evidence should have been suppressed, nor does he attempt to demonstrate how any such failure prejudiced him.  This claim of ineffective of assistance of counsel is also conclusory and should be denied.  *Miller*, 200 F.3d at 282.

5.    *False Testimony and Evidence*

Movant argues false testimony and evidence was presented at trial.  Specifically, Movant claims that the agent was lying when he testified that Movant said, "I guess it's mine," when asked to whom did the child pornography belong.  Movant also alleges an affidavit provided by this same agent was fraudulent.  Although not directly asserted, it would appear Movant is alleging prosecutorial misconduct in presenting this evidence.

"Due process is violated when the prosecution knowingly offers false testimony to obtain a conviction and fails to correct such testimony."  *United States v. Alanis*, 88 F. App'x 15, 22 (5th Cir. Feb. 10, 2004) (citing *Tucker v. Johnson*, 242 F.3d 617, 625-26 (5th Cir.2001)).  To obtain Section 2255 relief based on prosecutorial misconduct in the presentation of perjured testimony, Movant must prove "(1) that the statements in questions are false; (2) that the government knew of their falsity; and (3) that the statements were material."  *Id*. (citing *Tucker*, 242 F.3d at 626).  Movant offers nothing but his blanket assertion that the testimony and/or evidence proffered was false.  Movant does not suggest that he has any evidence to support his claim of perjured testimony.  Even assuming the evidence was false, Movant puts forth no allegation that the Government knew it was false and intentionally used it.  Movant's suspicions and conclusory allegations of prosecutorial misconduct are unsupported by the record and are insufficient to merit Section 2255

relief.

6.    *Search Warrant*

Movant alleges that law enforcement "secured a search warrant that was not particular about what was to be searched for and seized" and that "there were twenty to thirty items listed on the warrant." Yet again, Movant offers nothing more with respect to this claim. The undersigned is unable to determine what specific deficiencies Movant alleges with respect to the search warrant. Movant also fails to specify how he was prejudiced by any alleged failures with respect to the search warrant. Furthermore, Movant's counsel did not move to suppress the search warrant, arguably finding no basis to do so. Movant similarly does not alleged ineffective assistance of counsel for failure to file a motion to suppress the search warrant. As such, Movant's claim is conclusory and is insufficient to support habeas relief.

7.    *Rules of Procedure*

With respect to this claim, Movant states, "[t]rial was conducted under the Title 18 U.S.C. § 3771 definition of a victim. It covers all criminal proceedings, and doesn't allow for restitution. It was then changed, for sentencing purposes, it was changed to Title 18 U.S.C. § 3663A, which does allow for restitution." Motion, pg. 21. Although it is less than clear what Movant's argument is regarding restitution, any such claim is barred in a Section 2255 motion. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir.1999) "[W]e make plain today that complaints concerning restitution may not be address in § 2255 proceedings." As Movant failed to bring this claim on direct appeal, it is also procedurally barred. *Massaro v. United States*, 538 U.S. 500 (2003) (the general rule is that claims not raised on direct appeal may not be raised on collateral review unless the movant shows cause for not raising the issue on direct appeal and actual prejudice from the error). Movant has made no attempt to argue, let alone show, cause or prejudice. This claim should be denied.

8.    *Questioning Victims or Plaintiff*

Movant complains he was not allowed to question the "victims" or the "plaintiff," arguing neither was made available to confront on the witness stand. The Sixth Amendment guarantees that

9

"the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend VI.  As argued by Respondent, a witness is considered to be against a defendant only if his testimony is party of the body of evidence that the jury may consider. *Cruz v. New York*, 481 U.S. 186, 190 (1987).  The record here establishes that Movant was given an opportunity to cross-examine the Government's witnesses "against" him and that Movant's trial counsel did so. This claim lacks merit and should be denied.

9.    *Jury Composition*

Movant argues again that the jury was not a fair representation of the community.  As with his ineffective assistance of counsel claim regarding the jury composition, this claim is also conclusory.  Movant offers nothing more to explain this point of error, leaving the undersigned to guess what the problems with composition were and how they prejudiced Movant.  This is an exercise the court will not take.  Movant's claim is conclusory and insufficient to support habeas relief.

10.    *Additional Count*

Movant's last point of error states, "[t]he prosecution offered me a plea deal, for 96 months, for one count.  I turned it down.  The prosecution decided to add an additional count.  The combined counts carried a 210 month sentence.  That is what I received, just because I decided to exercise my constitutional right to have a trial."  Movant, once again, offers no explanation as to what the constitutional violation is with respect to this claim.  A review of the record reveals that Movant was indicted on two counts, but the Government offered an agreement where Movant would only plead to one count, and the remaining count would be dismissed.  As Movant chose to not accept the plea agreement, both counts remained for trial.  While not stated directly, it is presumed that Movant is attempting to argue the Government acted in bad faith.  The record simply does not bare out this assertion and this claim should be denied.

<u>Recommendation</u>

This motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255

should be denied.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions, and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Serv. Auto. Assoc.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 15th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE