| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

WILIE LAMPLEY,                  §
                                §
        Movant,                 §
                                §
*versus*                        §   CIVIL ACTION NO. 1:19-CV-622
                                §                      (1:18-CR-20)
                                §
UNITED STATES OF AMERICA,       §
                                §
        Respondent.             §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Willie Lampley, an inmate currently confined at FCI Seagoville, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Christine Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the motion on the merits (#53).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Movant filed objections to the magistrate judge's Report and Recommendation on December 14, 2022 (#55). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Movant's objections merely rehash the same arguments presented in his motion to vacate, set aside, or correct sentence. As outlined by the magistrate judge in her Report and

Recommendation, the claims either are not supported by the record or lack a legal basis.[1]  This court will not revisit them here.

## ORDER

Accordingly, Movant's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in accordance with the recommendations of the magistrate judge.

Furthermore, the court is of the opinion Movant is not entitled to a certificate of appealability.  An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires Movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, Movant need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reasons, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of Movant, and the severity of the penalty may be considered in

---

[1] At times, Movant's objections are nonsensical, referencing the United States as a corporation and as a Plaintiff who allegedly failed to establish an "injury-in-fact."  With regard to the latter, Movant references the *Spokeo* standard relating to standing in civil cases.  *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Movant has not shown that the issues are subject to debate among jurists of reasons or worthy of encouragement to proceed further. A certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 1st day of March, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE